**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**IN RE RYAN MICHAEL FOURNIER,**          CASE NO. 3:25 CV 1688

          Debtor.

                                          JUDGE JAMES R. KNEPP II


**ORDER**


### INTRODUCTION

Currently pending before the Court is Bankruptcy Debtor Ryan Michael Fournier's Motion for Leave to file an interlocutory appeal of the Bankruptcy Court's July 17, 2025, Order. (Doc. 1). Creditor Scott Tazbin opposes. (Doc. 3). For the reasons set forth below, the Court denies Debtor's motion.

### BACKGROUND

Debtor Ryan Michael Fournier filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court for the Northern District of Ohio on March 14, 2025. *In Re Ryan Michael Fournier*, No. 25-30473 (Bankr. N.D. Ohio).[1]

The first meeting of creditors required by § 341 was originally scheduled for April 17, 2025. (Doc. 5). It was then adjourned twice to a later date (Docs. 23, 25), continued to a later date (Doc. 42), and ultimately adjourned to August 7, 2025 (Doc. 59). The Bankruptcy Court thus determined in its July 17, 2025, Order that "the first meeting of creditors required under 11 U.S.C. Section 341 has not yet been concluded." (Doc. 61, at 2).

---

1. All references to ECF document numbers in this Background section are to the Bankruptcy Court docket.

On June 11, 2025, Creditor filed a Motion to Extend Time to Object to Discharge Under 11 U.S.C. § 727 and Bankruptcy Rule 4004(b)(1). (Doc. 40). Debtor objected. (Doc. 53). On July 17, 2025, the Bankruptcy Court granted Creditor's motion, extending the deadline to file a complaint objecting to discharge to October 6, 2025. (Doc. 61). It is this Order that Debtor now seeks leave to appeal.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a)(3), a district court may hear an appeal from a bankruptcy court's interlocutory order if the district court grants a party's motion for leave to file such an appeal. Because neither 28 U.S.C. § 158(a) nor Federal Rule of Bankruptcy Procedure 8004 state how a district court should determine whether to grant such leave, district courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which deals with interlocutory appeals from district courts to Courts of Appeal. *See In re Brentwood Golf Club*, 329 B.R. 239, 242 (E.D. Mich. 2005); *In re Ragle*, 395 B.R. 387, 394 (E.D. Ky. 2008).

In the Sixth Circuit, courts "may permit an interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re ASC Inc.*, 386 B.R. 187, 194 (E.D. Mich. 2008) (quoting *In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006)). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *Lang v. Crocker Park, LLC*, 2011 WL 3297865, at *5 (N.D. Ohio) (citing *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)); *In re Great Atl. & Pac. Tea Co.*, 615 B.R. 717, 722 (S.D.N.Y. 2020) ("A court certifying a decision for interlocutory appeal must be of the opinion that all three of these statutory conditions are met.").

2

"A legal question of the type envisioned in § 1292(b) . . . generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). "Interlocutory appeals are intended 'for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *Sanderson Farms, Inc. v. Gasbarro*, 2007 WL 3402539, *3 (S.D. Ohio) (quoting *In re Pilch*, 2007 WL 1686308, at *4 (W.D. Mich.)). "An appeal that presents a mixed question of law and fact does not meet this standard." *In re Pilch*, 2007 WL 1686308 at *4.

Even when all three criteria are met, "district courts have unfettered discretion to deny certification in light of the strong bias in federal practice against interlocutory appeals." *In re Great Atl. & Pac. Tea Co.*, 615 B.R. at 722 (citation modified). "The discretion of the district court should be used sparingly, 'since interlocutory bankruptcy appeals should be the exception, rather than the rule.'" *In re A.P. Liquidating Co.*, 350 B.R. at 755 (quoting *In re PHM Credit Corp.*, 99 B.R. 762, 767 (E.D. Mich. 1989)). Because interlocutory appeals contravene the judicial policy opposing piecemeal litigation, and cause delay and disruption, they should be granted sparingly and upon a showing of "extraordinary circumstances." *In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011); *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). "Section 1292(b) 'was not intended merely to provide review for difficult rulings in hard cases.'" *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002) (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

Notwithstanding the above criteria, the decision to allow an interlocutory appeal from the bankruptcy court ultimately lies within the sound discretion of the district court. *Sigma Fin. Corp.*, 200 F. Supp. 2d at 723 (citations omitted).

DISCUSSION

Debtor contends the three-part test for an interlocutory appeal is satisfied here. Creditor contends none of the three parts are. As set forth below, the Court finds Debtor has not satisfied the requirement to identify a controlling issue of law, and denies Debtor's motion for leave.

Debtor contends that two controlling issues of law are presented:

- Whether a debtor's alleged failure to provide documents to a creditor can constitute "cause" for a Rule 4004(b) extension when no discovery request was filed under Rule 2004.

- Whether a creditor may obtain an extension under Rule 4004 to object to a debtor's discharge when, absent a valid Rule 2004 request, the only remaining facts presented in support of the extension concern the dischargeability of that creditor's individual debt.

(Doc. 1-4, at 5).[2] Debtor contends these questions "implicate the fundamental procedural boundaries between discovery rights under Rule 2004 and the distinct purposes of Rule 4004 and Rule 4007." *Id.* at 5-6.

Creditor responds that these are not pure questions of law, but "fact-bound challenges to the Bankruptcy Court's discretionary cause finding", and Debtor's claim that a formal Rule 2004 order is required "is unsupported by any binding Sixth Circuit authority" and not required by Rule 4004(b). (Doc. 3, at 3). The Court agrees that Debtor has not identified a controlling question of law.

First, a creditor in Chapter 7 liquidation proceedings has "60 days after the first date set for the § 341(a) meeting of creditors" to file a complaint objecting to the debtors discharge. Fed. R. Bankr. Proc. 4004(a)(1). A bankruptcy court may extend that period "for cause" on a motion "filed before the time has expired." Fed. R. Bankr. Proc. 4004(b)(1). As Creditor points out, his

---

2. Unless otherwise indicated, the ECF document number references in this Discussion section are to the docket in the present case.

4

request for extension was timely-filed, before the 60-day time period set by Rule 4004(a) expired. And the "determination of whether cause exists to extend the filing deadline set by Federal Rule of Bankruptcy Procedure 4004(b) rests within the bankruptcy court's discretion." *In re St. George*, 2017 WL 1379321, at *1 (B.A.P. 6th Cir.) (citing *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003)).

Second, in the challenged Order, the Bankruptcy Court first found that its prior-issued Order granting the Trustee's Motion for extension until 60 days following the date on which the 11 U.S.C. § 341 creditors meeting is concluded had arguably already granted Creditor the relief he sought, noting that order "does not state that these extensions of time are limited to the Chapter 7 Trustee." (Doc. 1-1, at 2). The court next determined: "the bottom line is that the Chapter 7 Trustee ha[d] not concluded the first meeting of creditors because, to date, sufficient information to conclude it ha[d] not been provided by the Debtor. *This reason alone is sufficient for the court to find cause to extend the deadline.*" *Id.* at 4 (emphasis added). The court cited a leading bankruptcy treatise for the principle that "[o]bviously, a delay in the meeting of creditors to a date close to or after the deadline may constitute such cause." *Id.* (quoting 9 Collier on Bankruptcy, ¶ 4004.03[2] at 4004-15 (16th ed. 2025)). That is, the Bankruptcy Court found cause to extend the deadline based solely on the timing of the first meeting of creditors and a factual determination regarding the reasons for said extension. Debtor's arguments do not speak to this conclusion, which is a mixed determination of fact and law, and is a conclusion the court expressly stated was an independent and adequate basis for granting the extension.

Third, Debtor has provided no supporting, binding caselaw for his contention that a 4004(b) extension may not be granted absent a formal Rule 2004 order regarding discovery.

Again, the "determination of whether cause exists to extend the filing deadline set by Federal Rule of Bankruptcy Procedure 4004(b) rests within the bankruptcy court's discretion." *In re George*, 2017 WL 1379321, at *1. And "matters within the discretion of the trial court" are not the type of "controlling question of law" appropriate for interlocutory appeal. *In re City of Memphis*, 293 F.3d at 350-51. Further, "[a]n appeal that presents a mixed question of law and fact does not meet this standard." *In re Pilch*, 2007 WL 1686308, at *4. Debtor has not satisfied his burden to show the disputes he offers involve controlling questions of law, much less a controlling question of law independent of the facts.

The Court therefore finds that Debtor has not satisfied his burden to demonstrate an interlocutory appeal is warranted and the Court declines to exercise its discretion to permit such an appeal.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Debtor's Motion for Leave (Doc. 1) be, and the same hereby is, DENIED, and this case is CLOSED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2025